**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

IN RE LETTER OF REQUEST          )
FROM POLAND                      )
IN THE MATTER OF                 )      Misc. No. 07-
MEDIA TRUST                      )

**GOVERNMENT'S MEMORANDUM OF LAW**
**IN SUPPORT OF APPLICATION FOR ORDER**

      This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from Poland. A copy of the translation is attached.

<u>FACTUAL BACKGROUND:</u>

      This investigation is being conducted by the Polish authorities who are investigating a case of alleged money laundering.

<u>EVIDENCE SOUGHT:</u>

      The Polish authorities seek information from the Delaware Secretary of State's Office. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

    (a)   The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the

court.  By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement.  The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing.  To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, " (t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." *In Re Letter of Request from the Crown Prosecution Services of the United Kingdom*, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the information sought is for use in such proceedings in Poland  and

hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled ex parte, and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: _____

David L. Hall
Assistant U.S. Attorney
1007 N. Orange Street
Wilmington, DE    19801
(302) 573-6277

Dated: 4/16/07

Gdansk, May 9th, 2006

*Oblong stamp:*
Prosecutor for Appeals Office
in Gdansk
2nd Department
For Organized Crime
80-853 Gdansk, Wały Jagiellońskie 38

APII Ds.2/04/Sp

## Supplementary Request
### for assistance in a criminal case

Prosecutor for Appeals Office in Gdańsk investigates the case number AP II Ds. 2/04/Sp. One of the threads in the aforementioned investigation involves transfer of financial assets on March 22nd, 2002 in amount of USD 8,653,821.15 and after revaluation PLN 35,463,332.44, without specification of the legal title, by POALIM TRUST SERVICES Ltd. of Israel in favor of MEDIA TRUST Spółka Akcyjna in Gdańsk and transfer of PLN 35,000,000 to Media Invest Spółka z ograniczoną odpowiedzialnością and then transfer on March 22nd, 2002 of PLN 19,428,520 to 4 Media Spółka Akcyjna for purchase of short term debentures and on March 25th, 2002 for purchase of short term debentures and financial assets in amount of PLN 17,096.476 in favor of Prokom Investment Spółka Akcyjna, as suspected of being aimed at making it difficult to recognize the unlawful origin of the aforesaid assets
— i.e. deed under article 229 § 1 of the Criminal Code.
By its letter dated July 27th, 2005 the Prosecutor for Appeals in Gdańsk applied to the relevant authorities of the United States of America for legal assistance in a criminal case and for procedures to be realized in case no. AP II Ds. 2/04/Sp.
In his application, the Prosecutor for Appeals in Gdańsk applied for interrogation, as a witness Mr. Jeffery L. Grady (or Jeffrey Lee Grady).
At the same time, the Prosecutor for Appeals in Gdańsk applied for the international legal assistance to the Republic of Cyprus.
On March 14th, 2006 we received materials gathered during the proceedings under legal assistance in Cyprus. In the course of the proceedings the registration documentation of the following companies was gathered: Mothership (Poland) Holdings Limited and Dieu-Le-Fit Limited. It was established that Mothership (Poland) Holdings Ltd was established on August 17th, 2000, registration number 114004. The main business of the company involved investment services. The company is managed by Jeffery Lee Grady and Mark Edward Grazman – both American citizens. There is the address of Mark Grazman in the documentation – Poland, address outdated. The Mothership Poland Internet Holding Company Inc., Center Road 1018, Wilmington 19805 Delaware United States of America is a shareholder in Mothership (Poland) Holdings Limited – holder of 1,000 shares.
Andri Papadopolou was interrrogated as a witness and she testified that both Jeffery Lee Grady and Mark Grazman never visited Cyprus, and that she does not know anything about the agreements concluded or any other operations of the aforementioned persons on behalf of Dieu-Le-Fit and Mothership (Poland) Holdings Limited.
At the same time, the authorities of the United Kingdom informed us that Jeffery Lee grady does not live in Great Britain.
In consideration of the need to comprehensively clarify the circumstances of case APII Ds. 2/04/Sp conducted by the Prosecutor for Appeals Office in Gdansk, and due to the need to supplement the proceedings, we would like to apply to the appropriate authorities of the United States of America for the following activities to be executed under international legal assistance:

1. Establishing whether The Mothership Poland Internet Holding Company Inc., Center Road 1018, Wilmington 19805 Delaware United States of America was registered in 1997 – 2004, and when did it exist;
2. Establishing what was the capital and personal structure during the period of The Mothership Poland Internet Holding Company's existence and what was its business object;
3. Establishing what persons composed the authorities of the aforementioned companies;
4. Gathering registration documents of the aforementioned company;
5. Interrogation, as a witness, of Jeffery L. Grady (or Jeffrey Lee Grady) in the following respects (those specified in the previous request, and additional ones):

> What functions and in what periods has Jeffrey L. Grady held in Mothership (Poland) Holdings Limited, and what functions has he held in Dieu-Le-Fit Limited, Limassol Arch. Makariou III 199 Cyprus?

> What functions has the witness held and whether he was a shareholder in The Mothership Poland Internet Holding Company Inc. of USA?

> What were and are the capital and personal relations between Mothership (Poland) Holdings Limited, Dieu-Le-Fit Limited Limassol Arch. Makariou 199 Cyprus, and The Mothership Poland Internet Holding Company Inc. of USA?

> What prerequisites decided about establishing of: Mothership (Poland) Holdings Limited, Dieu-Le-Fit Limited Limassol Arch. Makariou 199 Cyprus, and The Mothership Poland Internet Holding Company Inc. of USA?

> What is the capital structure of the aforementioned companies (Mothership (Poland) Holdings Limited and Dieu-Le-Fit Limited, Limassol Arch. Makariou III 199 Cyprus), and The Mothership Poland Internet Holding Company Inc. of USA, whether shares in the aforementioned companies were held, are held by the Polish citizens or companies, what persons or companies, in what periods did they have the said shares, how did the capital structure of the aforementioned companies change between 2000 and 2004?

> Who, apart from the Polish citizens, holds shares in Mothership (Poland) Holdings Limited and Dieu-Le-Fit Limited, Limassol Arch. Makariou III 199 Cyprus, and The Mothership Poland Internet Holding Company Inc. of USA?

> Present the following documents to the witness:

- share sale agreement, regarding shares in The Mothership Auction Spółka z ograniczoną odpowiedzialnością in Warsaw, concluded in Warsaw on March 9th, 2001, by and between Mothership (Poland) Holdings Limited – a Cyprian company registered with the Ministry of Commerce, Industry, and Tourism, Department of Registrar of Companies and Official Receiver, Nicosia, under number HE 114004, represented by Jeffery L. Grady – the Director, referred to as the vendor, and Chemiskór Spółka Akcyjna of Łódź, represented by the Vice-President Dariusz Kaszubski, referred to as the purchaser;
- share sale agreement, regarding shares in The Mothership Poland Internet Holdings Spółka z ograniczoną odpowiedzialnością in Warsaw, concluded in Warsaw on March 9th, 2001, by and between Mothership (Poland) Holdings Limited – a Cyprian company registered with the Ministry of Commerce, Industry, and Tourism, Department of Registrar of Companies and Official Receiver, Nicosia, under number HE 114004, represented by Jeffery L. Grady – the Director, referred to as the vendor, and Chemiskór Spółka Akcyjna of Łódź, represented by the Vice-President Dariusz Kaszubski, referred to as the purchaser;
- share sale agreement, regarding shares in The Mothership Travel Spółka z ograniczoną odpowiedzialnością in Warsaw, concluded in Warsaw on March 9th, 2001, by and between Mothership (Poland) Holdings Limited – a Cyprian company registered with the Ministry of Commerce, Industry, and Tourism

Department of Registrar of Companies and Official Receiver, Nicosia, under number HE 114004, represented by Jeffery L. Grady – the Director, referred to as the vendor, and Chemiskór Spółka Akcyjna of Łódź, represented by the Vice-President Dariusz Kaszubski, referred to as the purchaser;

- share sale agreement, regarding shares in The Mothership Poland: Internet Holdings Spółka z ograniczoną odpowiedzialnością in Warsaw, concluded in Warsaw on April 11th, 2001, by and between Dieu-Le-Fit Limited, Limassol Arch. Makariou III 199 Cyprus registered with the Ministry of Commerce, Industry, and Tourism, Department of Registrar of Companies and Official Receiver, Nicosia, under number HE 114606, represented by Jeffery L. Grady – the attorney, referred to as the vendor, and Operator Spółka Akcyjna of Gdansk, represented by Mariusz Hinz - attorney, referred to as the purchaser;

- share sale agreement, regarding shares in TMS Commerce Spółka z ograniczoną odpowiedzialnością in Warsaw, concluded in Warsaw on April 23rd, 2001, by and between Mothership (Poland) Holdings Limited – a Cyprian company, based in Limassol Arch. Makariou III 199 Cyprus, registered with the Ministry of Commerce, Industry, and Tourism, Department of Registrar of Companies and Official Receiver, Nicosia, under number HE 114004, represented by Jeffery L. Grady – the Director, referred to as the vendor, and Internet Operator Spółka Akcyjna of Łódź, represented by the Mariusz Hinz - attorney, referred to as the purchaser;

- receivables transfer agreement concluded in Warsaw on April 23rd, 2001 by and between Dieu-Le-Fit Limited, a Cyprian company, registered with the Ministry of Commerce, Industry, and Tourism, Department of Registrar of Companies and Official Receiver, Nicosia, under number HE 114606, based in Limassol Arch. Makariou III 199 Cyprus, represented by Jeffery L. Grady – the attorney, referred to as the vendor, Chemiskór Spółka z ograniczoną odpowiedzialnością in Łódź, represented by Dariusz Kaszubski – Vice-President of the Board of Directors, referred to as the purchaser, and Mothership (Poland) Holdings Limited – a Cyprian company, based in Limassol Arch. Makariou III 199 Cyprus, registered with the Ministry of Commerce, Industry, and Tourism, Department of Registrar of Companies and Official Receiver, Nicosia, under number HE 114004, represented by Jeffery L. Grady – the Director, referred to as the guarantor;

- receivables transfer agreement concluded in Warsaw on October 15th, 2001 by and between 4Media Spółka Akcyjna in Gdansk, represented by Dariusz Kaszubski – Vice-President of the Board of Directors, referred to as the transferor, and Internet Operator Spółka Akcyjna of Łódź, represented by the Mariusz Hinz – attorney of the Board of Directors , referred to as the transferee.

and ask the witness, whether he signed the aforementioned documents as the Director of Mothership (Poland) Holdings Limited and attorney of Dieu-Le-Fit Limited, Limassol Arch. Makariou III 199 Cyprus?

➢ What led to the conclusion of the aforementioned agreements, did the witness visit Warsaw, if so, when, or was the correspondence involved?

➢ How were the contacts with the Chemiskór Spółka Akcyjna of Łódź (later 4Media Spółka Akcyjna in Gdansk), Internet Operator Spółka Akcyjna in Gdansk, and any other Polish companies commenced?

➢ Are the agreements presented the only that the witness had concluded as the Director or attorney, or otherwise, with Polish companies, (please secure any possible Xerox copies certified to be true of other agreements, in particular share sale, loan, receivable transfer agreements, agreements concluded with Polish citizens or companies)

> Did the witness conclude loan, receivable transfer, share sale agreements with the following companies, as the attorney, Director, or otherwise:

- 4Media Spółka Akcyjna in Gdansk (previously Chemiskór Spółka Akcyjna in Łódź),
- Media Trust Spółka Akcyjna in Gdansk,
- MediaInvest Spółka z ograniczoną odpowiedzialnością in Gdansk,
- Druk Serwis Spółka z ograniczoną odpowiedzialnością in Gdansk,
- M4 Spółka z ograniczoną odpowiedzialnością in Gdansk,
- Marketing Serwis Spółka z ograniczoną odpowiedzialnością in Gdansk,
- Marketing Serwis Spółka z ograniczoną odpowiedzialnością in Poznań,
- Agencja Informacyjna PolPress Spółka z ograniczoną odpowiedzialnością,
- Dom Wydawniczy Wolne Słowo Spółka Akcyjna in Warsaw,
- Y-Press Spółka z ograniczoną odpowiedzialnością,
- Poltrust Spółka Akcyjna in Warsaw,
- Czas i Przestrzeń Spółka z ograniczoną odpowiedzialnością in Warsaw,
- Dom Wydawniczy "Media Kolor" Spółka z ograniczoną odpowiedzialnością in Warsaw,
- Regionalne Rozgłośnie Radiowe Spółka Akcyjna in Gdansk,
- Agencja Radiowo-Telewizyjna Spółka z ograniczoną odpowiedzialnością in Kielce,
- Radio "Warta" Spółka z ograniczoną odpowiedzialnością in Słupca and then in Warsaw,
- Internet Operator Spółka Akcyjna in Warsaw, Gdansk,
- The Mothership Poland: Internet Holdings Spółka z ograniczoną odpowiedzialnością in Warsaw (TMS Poland) Warsaw,
- The Mothership Auction Spółka z ograniczoną odpowiedzialnością (TMS Auction) of Warsaw,
- The Mothership Travel Spółka z ograniczoną odpowiedzialnością (TMS Travel) of Warsaw,
- TMS Commerce Spółka z ograniczoną odpowiedzialnością (TMS Commerce) of Warsaw,
- Polska Prasa Bezpłatna Spółka Akcyjna in Gdansk,
- Polska Prasa Lokalna Wielkopolska Spółka z ograniczoną odpowiedzialnością in Słupca,
- Polska Prasa Lokalna Spółka Akcyjna in Gdansk,
- Polska Prasa Lokalna Pomorze Zachodnie Spółka z ograniczoną odpowiedzialnością in Goleniów,
- "Polska Prasa Lokalna Holding" Spółka Akcyjna in Warsaw,
- "NASKA" PRESS Spółka z ograniczoną odpowiedzialnością in Rabka Zdrój,
- GRP Spółka Akcyjna in Warsaw,
- Metrogogra Spółka z ograniczoną odpowiedzialnością in Gdansk,
- DTP-Press Spółka z ograniczoną odpowiedzialnością in Gdansk,
- Zakłady Graficzne TAMKA Spółka Akcyjna in Warsaw, presently under bankruptcy proceedings,
- AZET-GRAFICO Spółka z ograniczoną odpowiedzialnością in Pruszków,
- Przedsiębiorstwo "OKS" Spółka z ograniczoną odpowiedzialnością in Gdansk,
- K3 Spółka z ograniczoną odpowiedzialnością in Gdansk,
- Agencja Reklamowa "EKS – Radio Konin" Spółka z ograniczoną odpowiedzialnością in Konin,
- RR MOBILE Spółka z ograniczoną odpowiedzialnością in Gdynia,
- LINK SYSTEM Spółka z ograniczoną odpowiedzialnością in Warsaw,
- "KESEL – Systemy Komputerowe" Spółka z ograniczoną odpowiedzialnością in

Gdansk,
- "YAWAL" Spółka Akcyjna, later "AL.-PRAS" Spółka Akcyjna in Częstochowa,
- Y-NET Spółka z ograniczoną odpowiedzialnością in Częstochowa,
- Tygodniki Spółka z ograniczoną odpowiedzialnością in Malbork,
- ORBI Spółka z ograniczoną odpowiedzialnością in Bydgoszcz and others.

Secure the copies of the documents held by the witness and any possible documents referring to money transfers.

> Present the witness the share sale agreement, regarding shares in The Mothership Auction Spółka z ograniczoną odpowiedzialnością in Warsaw, concluded in Warsaw on March 9th, 2001, and ask the witness during what period Mothership (Poland) Holdings Limited held shares in the aforementioned company, how many shares were held by Mothership (Poland) Holdings Limited, who else was the shareholder in the aforementioned company, what was the composition of the authorities of (TMS Auction) in Warsaw as representative of Mothership (Poland) Holdings Limited a Cyprian company, what was the business object of (TMS Auction), what lead to establishing a pledge on shares of TMS AUCTION in favor of GESTCOM Spółka Akcyjna of Belgium; according to § 2 of the said agreement they were pledged pursuant to the agreement dated February 13th, 2001, was that the loan agreement, ask the witness to present the copy of the aforementioned pledge agreement and of possibly of the loan agreement (please secure the aforementioned copies of the agreements and documents of the money transfers), how did the Bank realize money transfers between the company and GESTCOM, ask the witness to present documents of money transfers, please secure the aforementioned documents; what were the circumstances of payment realization by Chemiskór Spółka Akcyjna in Łódź in favor of Mothership (Poland) Holdings Limited for shares in The Mothership Auction Spółka z ograniczoną odpowiedzialnością, was there actually any payment, when, when were the transfers realized, by what banks, ask the witness for documentation regarding the banking money transfers;

> Present the witness the share sale agreement, regarding shares in The Mothership Travel Spółka z ograniczoną odpowiedzialnością in Warsaw, concluded in Warsaw on March 9th, 2001, and ask the witness during what period Mothership (Poland) Holdings Limited held shares in the aforementioned company, how many shares were held by Mothership (Poland) Holdings Limited, who else was the shareholder in the aforementioned company, what was the composition of the authorities of (TMS Travel) in Warsaw as representative of Mothership (Poland) Holdings Limited a Cyprian company, what was the business object of (TMS Travel), what lead to establishing a pledge on shares of TMS Travel in favor of GESTCOM Spółka Akcyjna of Belgium; according to § 2 of the said agreement they were pledged pursuant to the agreement dated February 13th, 2001, was that the loan agreement, ask the witness to present the copy of the aforementioned pledge agreement and of possibly of the loan agreement (please secure the aforementioned copies of the agreements and documents of the money transfers), how did the Bank realize money transfers between the company and GESTCOM, ask the witness to present documents of money transfers, please secure the aforementioned documents; what were the circumstances of payment realization by Chemiskór Spółka Akcyjna in Łódź in favor of Mothership (Poland) Holdings Limited for shares in The Mothership Travel Spółka z ograniczoną odpowiedzialnością, was there actually any payment, when, when were the transfers realized, by what banks, ask the witness for documentation regarding the banking money transfers;

> Present the witness the share sale agreement, regarding shares in The Mothership Internet Holdings Spółka z ograniczoną odpowiedzialnością (TMS Poland) in

Warsaw, concluded in Warsaw on March 9th, 2001, and ask the witness during what period Mothership (Poland) Holdings Limited held shares in the aforementioned company, how many shares were held by Mothership (Poland) Holdings Limited, who else was the shareholder in the aforementioned company, what was the composition of the authorities of (TMS Poland) in Warsaw as representative of Mothership (Poland) Holdings Limited a Cyprian company, what was the business object of (TMS Poland), what lead to establishing a pledge on shares of TMS Poland in favor of GESTCOM Spółka Akcyjna of Belgium; according to § 2 of the said agreement they were pledged pursuant to the agreement dated February 13th, 2001, was that the loan agreement, ask the witness to present the copy of the aforementioned pledge agreement and of possibly of the loan agreement (please secure the aforementioned copies of the agreements and documents of the money transfers), how did the Bank realize money transfers between the company and GESTCOM, ask the witness to present documents of money transfers, please secure the aforementioned documents; what were the circumstances of payment realization by Chemiskór Spółka Akcyjna in Łódź in favor of Mothership (Poland) Holdings Limited for shares in TMS Poland, was there actually any payment, when, when were the transfers realized, by what banks, ask the witness for documentation regarding the banking money transfers;

➢ Present the witness the share sale agreement, regarding shares in The Mothership Poland: Internet Holdings Spółka z ograniczoną odpowiedzialnością in Warsaw, concluded in Warsaw on April 11th, 2001, and ask the witness what period Dieu-Le-Fit Limited, Limassol Arch. Makariou III 199 Cyprus held shares in the aforementioned company, how many shares were held by Dieu-Le-Fit Limited, who else was the shareholder in the aforementioned company, what was the composition of the authorities of (TMS Poland) in Warsaw as representative of Dieu-Le-Fit Limited, what was the business object of (TMS Poland), whether and in whose favor were the shares of TMS Poland pledged, was it a loan agreement, ask the witness to present the copy of the aforementioned pledge agreement and of possibly of the loan agreement (please secure the aforementioned copies of the agreements and documents of the money transfers), how did the Bank realize money transfers between the company and the other party of the agreement, ask the witness to present documents of money transfers, please secure the aforementioned documents; what were the circumstances of payment realization by Internet Operator Spółka Akcyjna in Gdansk in favor of Dieu-Le-Fit Limited for shares in TMS Poland Spółka z ograniczoną odpowiedzialnością, was there actually any payment, when, when were the transfers realized, by what banks, ask the witness for documentation regarding the banking money transfers;

➢ Present the witness the share sale agreement, regarding shares in TMS Commerce Spółka z ograniczoną odpowiedzialnością in Warsaw, concluded in Warsaw on April 23rd, 2001, and ask the witness during what period Mothership (Poland) Holdings Limited held shares in the aforementioned company, how many shares were held by Mothership (Poland) Holdings Limited, who else was the shareholder in the aforementioned company, what was the composition of the authorities of (TMS Commerce) in Warsaw as representative of Mothership (Poland) Holdings Limited, what was the business object of (TMS Commerce), in consideration of the fact that Prosecutor's Office has only a fragment of the aforementioned agreement, ask the witness whether and in whose favor were the shares of TMS Commerce pledged, was it a loan agreement, ask the witness to present the copy of the aforementioned pledge agreement and of possibly of the loan agreement (please secure the aforementioned copies of the agreements and documents of the money transfers), how did the Bank realize money transfers between the company and the other party

of the agreement, ask the witness to present documents of money transfers, please secure the aforementioned documents; what were the circumstances of payment realization by Internet Operator Spółka Akcyjna in Gdansk in favor of Mothership (Poland) Holdings Limited for shares in TMS Poland Spółka z ograniczoną odpowiedzialnością, was there actually any payment, when, when were the transfers realized, by what banks, ask the witness for documentation regarding the banking money transfers;

➢ Present the witness the receivables transfer agreement concluded in Warsaw on April 23rd, 2001 by and between Dieu-Le-Fit Limited, a Cyprian company, represented by Jeffery L. Grady – the attorney, referred to as the vendor, Chemiskór Spółka z ograniczoną odpowiedzialnością in Łódź, represented by Dariusz Kaszubski – Vice-President, referred to as the purchaser, and Mothership (Poland) Holdings Limited – a Cyprian company, represented by Jeffery L. Grady – the Director, referred to as the guarantor, and ask the witness, whether he signed the aforementioned agreement as attorney and as the Director of the companies, whether he, or another representative of Dieu-Le-Fit Limited signed a loan agreement on October 29th, 2000 with The Mothership Poland: Internet Holdings Spółka z ograniczoną odpowiedzialnością in Warsaw, ul. Foksal 3/5, whether the amount of the loan has been transferred to the account of The Mothership Poland: Internet Holdings Spółka z ograniczoną odpowiedzialnością, when and what banks handled the transaction, ask the witness to submit the documents of the transaction, including transfers, please secure the copies of the documents, ask the witness what does he know about the loan agreement of December 4th, 2000, concluded in Warsaw by and between Potomac Pacyfic Company, Harbor Center 4th Floor, P.O. Box 613 George Town, Grand Cayman, Cayman Islands, British West Indies, and The Mothership Poland: Internet Holdings Spółka z ograniczoną odpowiedzialnością in Warsaw, how and on what basis has Dieu-Le-Fit Limited acquired the aforementioned receivable, what banks handled the aforementioned transaction, when were the money for which Dieu-Le-Fit Limited purchased the receivable transferred, ask the witness to present the documents of the aforementioned transaction, please secure the documents by making their copies, when and in what circumstances were the contacts between Dieu-Le-Fit Limited a Cyprian company and The Mothership Poland: Internet Holdings Spółka z ograniczoną odpowiedzialnością, and Potomac Pacyfic Company commenced, were there any other agreements concluded between Dieu-Le-Fit Limited a Cyprian company and The Mothership Poland: Internet Holdings Spółka z ograniczoną odpowiedzialnością, and Potomac Pacyfic Company, ask the witness to submit the aforementioned documents, please secure the copies of the said documents; in respect of the agreement presented to the witness: was the aforementioned agreement actually concluded, did the guarantor, or purchaser acquire the receivable under agreement dated April 23rd, 2001, when and whether the money under the agreement of April 23rd, 2001 credited the account, what banks handled it, whether and when Chemiskór Spółka Akcyjna paid the guarantor - Mothership (Poland) Holdings Limited, what banks handled the aforementioned transaction, ask the witness to present relevant documents, including the money transfers, secure copies of the documents from the witness;

➢ Present the witness receivables transfer agreement concluded in Warsaw on October 15th, 2001 by and between 4Media Spółka Akcyjna and Internet Operator Spółka Akcyjna of Gdansk, with a note annulled, and ask the witness whether he knows anything about conclusion of the aforementioned agreement, whether in relation to points 3 and 4 of the preamble to the aforementioned agreement the witness knows anything about the receivable transfer agreement dated April 23th, 2004 concluded by and between 4Media Spółka Akcyjna and the Potomac Pacyfic Company,

pursuant to which 4Media Spółka Akcyjna acquired receivable of the Potomac Pacyfic Spółka Akcyjna from The Mothership Poland: Internet Holdings Spółka z ograniczoną odpowiedzialnością, and receivable transfer agreement dated April 23rd, 2001, concluded by and between 4Media Spółka Akcyjna and Dieu-Le-Fit Limited, Cyprian companies, pursuant to which 4Media Spółka Akcyjna acquired receivables of Dieu-Le-Fit Limited from The Mothership Poland: Internet Holdings Spółka z ograniczoną odpowiedzialnością, whether the amount of the receivables credited the company's account, when and what banks handled the aforementioned transaction, ask the witness to submit the copies of the documents referring to the transaction, secure the aforementioned documents from the witness.

➢ Does the witness know, and in what circumstances he met:

- Mr. Jacek Merkel
- Mr. Mariusz Hinz;
- Mr. Dariusz Kaszubski;
- Mr. Wojciech Krefft;
- Mr. Ryszard Krauze?

➢ What other persons – representatives of the following companies: 4media Spółka Akcyjna in Gdansk, Media Trust Spółka Akcyjna in Gdansk, MediaInvest Spółka z ograniczoną odpowiedzialnością in Gdansk, "PROKOM INVESTMENT" Spółka Akcyjna in Gdynia – does the witness know, and in what circumstances did he meet them?

➢ Finally, ask the witness whether he would like to add anything to the witness interrogation report?

6. Establishing the address in the United States of America and interrogation as witness of the American citizen – Mr. Mark Edward Grazman, in the following respects:

➢ What functions and in what periods has the witness held in Mothership (Poland) Holdings Limited, and what functions has he held in Dieu-Le-Fit Limited, Limassol Arch. Makariou III 199 Cyprus?

➢ What functions has the witness held and whether he was a shareholder in The Mothership Poland Internet Holding Company Inc. of the United States of America?

➢ What were and are the capital and personal relations between Mothership (Poland) Holdings Limited, Dieu-Le-Fit Limited Limassol Arch. Makariou 199 Cyprus, and The Mothership Poland Internet Holding Company Inc. of the United States of America?

➢ What prerequisites decided about establishing of: Mothership (Poland) Holdings Limited, Dieu-Le-Fit Limited Limassol Arch. Makariou 199 Cyprus, and The Mothership Poland Internet Holding Company Inc. of the United States of America?

➢ What is the capital structure of the aforementioned companies (Mothership (Poland) Holdings Limited and Dieu-Le-Fit Limited, Limassol Arch. Makariou III 199 Cyprus), and The Mothership Poland Internet Holding Company Inc. of the United States of America, whether shares in the aforementioned companies were held, are held by the Polish citizens or companies, what persons or companies, in what periods did they have the said shares, how did the capital structure of the aforementioned companies change between 2000 and 2004?

➢ Who, apart from the Polish citizens, holds shares in Mothership (Poland) Holdings Limited and Dieu-Le-Fit Limited, Limassol Arch. Makariou III 199 Cyprus, and The Mothership Poland Internet Holding Company Inc. of the United States of America?

➢ Present the following documents to the witness:

- share sale agreement, regarding shares in The Mothership Auction Spółka z ograniczoną odpowiedzialnością in Warsaw, concluded in Warsaw on March 9th, 2001, by and between Mothership (Poland) Holdings Limited – a Cyprian

company registered with the Ministry of Commerce, Industry, and Tourism, Department of Registrar of Companies and Official Receiver, Nicosia, under number HE 114004, represented by Jeffery L. Grady – the Director, referred to as the vendor, and Chemiskór Spółka Akcyjna of Łódź, represented by the Vice-President Dariusz Kaszubski, referred to as the purchaser;

- share sale agreement, regarding shares in The Mothership Poland Internet Holdings Spółka z ograniczoną odpowiedzialnością in Warsaw, concluded in Warsaw on March 9th, 2001, by and between Mothership (Poland) Holdings Limited – a Cyprian company registered with the Ministry of Commerce, Industry, and Tourism, Department of Registrar of Companies and Official Receiver, Nicosia, under number HE 114004, represented by Jeffery L. Grady – the Director, referred to as the vendor, and Chemiskór Spółka Akcyjna of Łódź, represented by the Vice-President Dariusz Kaszubski, referred to as the purchaser;

- share sale agreement, regarding shares in The Mothership Travel Spółka z ograniczoną odpowiedzialnością in Warsaw, concluded in Warsaw on March 9th, 2001, by and between Mothership (Poland) Holdings Limited – a Cyprian company registered with the Ministry of Commerce, Industry, and Tourism, Department of Registrar of Companies and Official Receiver, Nicosia, under number HE 114004, represented by Jeffery L. Grady – the Director, referred to as the vendor, and Chemiskór Spółka Akcyjna of Łódź, represented by the Vice-President Dariusz Kaszubski, referred to as the purchaser;

- share sale agreement, regarding shares in The Mothership Poland: Internet Holdings Spółka z ograniczoną odpowiedzialnością in Warsaw, concluded in Warsaw on April 11th, 2001, by and between Dieu-Le-Fit Limited, Limassol Arch. Makariou III 199 Cyprus registered with the Ministry of Commerce, Industry, and Tourism, Department of Registrar of Companies and Official Receiver, Nicosia, under number HE 114606, represented by Jeffery L. Grady – the attorney, referred to as the vendor, and Operator Spółka Akcyjna of Gdansk, represented by Mariusz Hinz - attorney, referred to as the purchaser;

- share sale agreement, regarding shares in TMS Commerce Spółka z ograniczoną odpowiedzialnością in Warsaw, concluded in Warsaw on April 23rd, 2001, by and between Mothership (Poland) Holdings Limited – a Cyprian company, based in Limassol Arch. Makariou III 199 Cyprus, registered with the Ministry of Commerce, Industry, and Tourism, Department of Registrar of Companies and Official Receiver, Nicosia, under number HE 114004, represented by Jeffery L. Grady – the Director, referred to as the vendor, and Internet Operator Spółka Akcyjna of Łódź, represented by the Mariusz Hinz - attorney, referred to as the purchaser;

- receivables transfer agreement concluded in Warsaw on April 23rd, 2001 by and between Dieu-Le-Fit Limited, a Cyprian company, registered with the Ministry of Commerce, Industry, and Tourism, Department of Registrar of Companies and Official Receiver, Nicosia, under number HE 114606, based in Limassol Arch. Makariou III 199 Cyprus, represented by Jeffery L. Grady – the attorney, referred to as the vendor, Chemiskór Spółka z ograniczoną odpowiedzialnością in Łódź, represented by Dariusz Kaszubski – Vice-President of the Board of Directors, referred to as the purchaser, and Mothership (Poland) Holdings Limited – a Cyprian company, based in Limassol Arch. Makariou III 199 Cyprus, registered with the Ministry of Commerce, Industry, and Tourism, Department of Registrar of Companies and Official Receiver, Nicosia, under number HE 114004, represented by Jeffery L. Grady – the Director, referred to as the guarantor;

receivables transfer agreement concluded in Warsaw on October 15th, 2001 by and between 4Media Spółka Akcyjna in Gdansk, represented by Dariusz Kaszubski – Vice-President of the Board of Directors, referred to as the transferor, and Internet Operator Spółka Akcyjna of Łódź, represented by the Mariusz Hinz – attorney of the Board of Directors , referred to as the transferee.

and ask the witness, whether Jeffery Lee Grady signed the aforementioned documents and what are the relationships between him and the witness?

> What led to the conclusion of the aforementioned agreements, did Jeffery Lee Grady visit Warsaw, if so, when, or was the correspondence involved?
> How were the contacts with the Chemiskór Spółka Akcyjna of Łódź (later 4Media Spółka Akcyjna in Gdansk), Internet Operator Spółka Akcyjna in Gdansk, and any other Polish companies commenced?
> Are the agreements presented the only that Jeffery Lee Grady had concluded as the Director or attorney, or otherwise, with Polish companies, (please secure any possible Xerox copies certified to be true of other agreements, in particular share sale, loan, receivable transfer agreements, agreements concluded with Polish citizens or companies),
> Did the witness conclude similar agreements with Polish companies or citizens? (please secure any possible Xerox copies certified to be true of other agreements, in particular share sale, loan, receivable transfer agreements, agreements concluded with Polish citizens or companies),
> Did the witness or Jeffery Lee Grady, conclude loan, receivable transfer, share sale agreements with the following companies, as the attorney, Director, or otherwise:
  - 4Media Spółka Akcyjna in Gdansk (previously Chemiskór Spółka Akcyjna in Łódź),
  - Media Trust Spółka Akcyjna in Gdansk,
  - MediaInvest Spółka z ograniczoną odpowiedzialnością in Gdansk,
  - Druk Serwis Spółka z ograniczoną odpowiedzialnością in Gdansk,
  - M4 Spółka z ograniczoną odpowiedzialnością in Gdansk,
  - Marketing Serwis Spółka z ograniczoną odpowiedzialnością in Gdansk,
  - Marketing Serwis Spółka z ograniczoną odpowiedzialnością in Poznań,
  - Agencja Informacyjna PolPress Spółka z ograniczoną odpowiedzialnością,
  - Dom Wydawniczy Wolne Słowo Spółka Akcyjna in Warsaw,
  - Y-Press Spółka z ograniczoną odpowiedzialnością,
  - Poltrust Spółka Akcyjna in Warsaw,
  - Czas i Przestrzeń Spółka z ograniczoną odpowiedzialnością in Warsaw,
  - Dom Wydawniczy "Media Kolor" Spółka z ograniczoną odpowiedzialnością in Warsaw,
  - Regionalne Rozgłośnie Radiowe Spółka Akcyjna in Gdansk,
  - Agencja Radiowo-Telewizyjna Spółka z ograniczoną odpowiedzialnością in Kielce,
  - Radio "Warta" Spółka z ograniczoną odpowiedzialnością in Słupca and then in Warsaw,
  - Internet Operator Spółka Akcyjna in Warsaw, Gdansk,
  - The Mothership Poland: Internet Holdings Spółka z ograniczoną odpowiedzialnością in Warsaw (TMS Poland) Warsaw,
  - The Mothership Auction Spółka z ograniczoną odpowiedzialnością (TMS Auction) of Warsaw,
  - The Mothership Travel Spółka z ograniczoną odpowiedzialnością (TMS Travel) of Warsaw,
  - TMS Commerce Spółka z ograniczoną odpowiedzialnością (TMS Commerce) of Warsaw,

- Polska Prasa Bezpłatna Spółka Akcyjna in Gdansk,
- Polska Prasa Lokalna Wielkopolska Spółka z ograniczoną odpowiedzialnością in Słupca,
- Polska Prasa Lokalna Spółka Akcyjna in Gdansk,
- "Polska Prasa Lokalna Pomorze Zachodnie Spółka z ograniczoną odpowiedzialnością in Goleniów,
- "Polska Prasa Lokalna Holding" Spółka Akcyjna in Warsaw,
- "NASKA" PRESS Spółka z ograniczoną odpowiedzialnością in Rabka Zdrój,
- GRP Spółka Akcyjna in Warsaw,
- Metrogogra Spółka z ograniczoną odpowiedzialnością in Gdansk,
- DTP-Press Spółka z ograniczoną odpowiedzialnością in Gdansk,
- Zakłady Graficzne TAMKA Spółka Akcyjna in Warsaw, presently under bankruptcy proceedings,
- AZET-GRAFICO Spółka z ograniczoną odpowiedzialnością in Pruszków,
- Przedsiębiorstwo "OKS" Spółka z ograniczoną odpowiedzialnością in Gdansk,
- K3 Spółka z ograniczoną odpowiedzialnością in Gdansk,
- Agencja Reklamowa "EKS – Radio Konin" Spółka z ograniczoną odpowiedzialnością in Konin,
- RR MOBILE Spółka z ograniczoną odpowiedzialnością in Gdynia,
- LINK SYSTEM Spółka z ograniczoną odpowiedzialnością in Warsaw,
- "KESEL – Systemy Komputerowe" Spółka z ograniczoną odpowiedzialnością in Gdansk,
- "YAWAL" Spółka Akcyjna, later "AL.-PRAS" Spółka Akcyjna in Częstochowa,
- Y-NET Spółka z ograniczoną odpowiedzialnością in Częstochowa,
- Tygodniki Spółka z ograniczoną odpowiedzialnością in Malbork,
- ORBI Spółka z ograniczoną odpowiedzialnością in Bydgoszcz and others.

Secure the copies of the documents held by the witness and any possible documents referring to money transfers.

➤ Present the witness the share sale agreement, regarding shares in The Mothership Auction Spółka z ograniczoną odpowiedzialnością in Warsaw, concluded in Warsaw on March 9th, 2001, and ask the witness during what period Mothership (Poland) Holdings Limited held shares in the aforementioned company, how many shares were held by Mothership (Poland) Holdings Limited, who else was the shareholder in the aforementioned company, what was the composition of the authorities of (TMS Auction) in Warsaw as representative of Mothership (Poland) Holdings Limited a Cyprian company, what was the business object of (TMS Auction), what lead to establishing a pledge on shares of TMS AUCTION in favor of GESTCOM Spółka Akcyjna of Belgium; according to § 2 of the said agreement they were pledged pursuant to the agreement dated February 13th, 2001, was that the loan agreement, ask the witness to present the copy of the aforementioned pledge agreement and of possibly of the loan agreement (please secure the aforementioned copies of the agreements and documents of the money transfers), how did the Bank realize money transfers between the company and GESTCOM, ask the witness to present documents of money transfers, please secure the aforementioned documents; what were the circumstances of payment realization by Chemiskór Spółka Akcyjna in Łódź in favor of Mothership (Poland) Holdings Limited for shares in The Mothership Auction Spółka z ograniczoną odpowiedzialnością, was there actually any payment, when, when were the transfers realized, by what banks, ask the witness for documentation regarding the banking money transfers;

➤ Present the witness the share sale agreement, regarding shares in The Mothership Travel Spółka z ograniczoną odpowiedzialnością in Warsaw, concluded in Warsaw

on March 9th, 2001, and ask the witness during what period Mothership (Poland) Holdings Limited held shares in the aforementioned company, how many shares were held by Mothership (Poland) Holdings Limited, who else was the shareholder in the aforementioned company, what was the composition of the authorities of (TMS Travel) in Warsaw as representative of Mothership (Poland) Holdings Limited a Cyprian company, what was the business object of (TMS Travel), what lead to establishing a pledge on shares of TMS Travel in favor of GESTCOM Spółka Akcyjna of Belgium; according to § 2 of the said agreement they were pledged pursuant to the agreement dated February 13th, 2001, was that the loan agreement, ask the witness to present the copy of the aforementioned pledge agreement and of possibly of the loan agreement (please secure the aforementioned copies of the agreements and documents of the money transfers), how did the Bank realize money transfers between the company and GESTCOM, ask the witness to present documents of money transfers, please secure the aforementioned documents; what were the circumstances of payment realization by Chemiskór Spółka Akcyjna in Łódź in favor of Mothership (Poland) Holdings Limited for shares in The Mothership Travel Spółka z ograniczoną odpowiedzialnością, was there actually any payment, when, when were the transfers realized, by what banks, ask the witness for documentation regarding the banking money transfers;

➢ Present the witness the share sale agreement, regarding shares in The Mothership Internet Holdings Spółka z ograniczoną odpowiedzialnością (TMS Poland) in Warsaw, concluded in Warsaw on March 9th, 2001, and ask the witness during what period Mothership (Poland) Holdings Limited held shares in the aforementioned company, how many shares were held by Mothership (Poland) Holdings Limited, who else was the shareholder in the aforementioned company, what was the composition of the authorities of (TMS Poland) in Warsaw as representative of Mothership (Poland) Holdings Limited a Cyprian company, what was the business object of (TMS Poland), what lead to establishing a pledge on shares of TMS Poland in favor of GESTCOM Spółka Akcyjna of Belgium; according to § 2 of the said agreement they were pledged pursuant to the agreement dated February 13th, 2001, was that the loan agreement, ask the witness to present the copy of the aforementioned pledge agreement and of possibly of the loan agreement (please secure the aforementioned copies of the agreements and documents of the money transfers), how did the Bank realize money transfers between the company and GESTCOM, ask the witness to present documents of money transfers, please secure the aforementioned documents; what were the circumstances of payment realization by Chemiskór Spółka Akcyjna in Łódź in favor of Mothership (Poland) Holdings Limited for shares in TMS Poland, was there actually any payment, when, when were the transfers realized, by what banks, ask the witness for documentation regarding the banking money transfers;

➢ Present the witness the share sale agreement, regarding shares in The Mothership Poland: Internet Holdings Spółka z ograniczoną odpowiedzialnością in Warsaw, concluded in Warsaw on April 11th, 2001, and ask the witness during what period Dieu-Le-Fit Limited, Limassol Arch. Makariou III 199 Cyprus held shares in the aforementioned company, how many shares were held by Dieu-Le-Fit Limited, who else was the shareholder in the aforementioned company, what was the composition of the authorities of (TMS Poland) in Warsaw as representative of Dieu-Le-Fit Limited, what was the business object of (TMS Poland), whether and in whose favor were the shares of TMS Poland pledged, was it a loan agreement, ask the witness to present the copy of the aforementioned pledge agreement and of possibly of the loan agreement (please secure the aforementioned copies of the agreements and documents of the money transfers), how did the Bank realize money transfers

between the company and the other party of the agreement, ask the witness to present documents of money transfers, please secure the aforementioned documents; what were the circumstances of payment realization by Internet Operator Spółka Akcyjna in Gdansk in favor of Dieu-Le-Fit Limited for shares in TMS Poland Spółka z ograniczoną odpowiedzialnością, was there actually any payment, when, when were the transfers realized, by what banks, ask the witness for documentation regarding the banking money transfers;

➢ Present the witness the share sale agreement, regarding shares in TMS Commerce Spółka z ograniczoną odpowiedzialnością in Warsaw, concluded on April 23rd, 2001, and ask the witness during what period Mothership (Poland) Holdings Limited held shares in the aforementioned company, how many shares were held by Mothership (Poland) Holdings Limited, who else was the shareholder in the aforementioned company, what was the composition of the authorities of (TMS Commerce) in Warsaw as representative of Mothership (Poland) Holdings Limited, what was the business object of (TMS Commerce), in consideration of the fact that Prosecutor's Office has only a fragment of the aforementioned agreement, ask the witness whether and in whose favor were the shares of TMS Commerce pledged, was it a loan agreement, ask the witness to present the copy of the aforementioned pledge agreement and of possibly of the loan agreement (please secure the aforementioned copies of the agreements and documents of the money transfers), how did the Bank realize money transfers between the company and the other party of the agreement, ask the witness to present documents of money transfers, please secure the aforementioned documents; what were the circumstances of payment realization by Internet Operator Spółka Akcyjna in Gdansk in favor of Mothership (Poland) Holdings Limited for shares in TMS Poland Spółka z ograniczoną odpowiedzialnością, was there actually any payment, when, when were the transfers realized, by what banks, ask the witness for documentation regarding the banking money transfers;

➢ Present the witness the receivables transfer agreement concluded in Warsaw on April 23rd, 2001 by and between Dieu-Le-Fit Limited, a Cyprian company, represented by Jeffery L. Grady – the attorney, referred to as the vendor, Chemiskór Spółka z ograniczoną odpowiedzialnością in Łódź, represented by Dariusz Kaszubski – Vice-President, referred to as the purchaser, and Mothership (Poland) Holdings Limited – a Cyprian company, represented by Jeffery L. Grady – the Director, referred to as the guarantor, and ask the witness, whether he signed the aforementioned agreement as attorney and as the Director of the companies, whether he, or another representative of Dieu-Le-Fit Limited signed a loan agreement on October 29th, 2000 with The Mothership Poland: Internet Holdings Spółka z ograniczoną odpowiedzialnością in Warsaw, ul. Foksal 3/5, whether the amount of the loan has been transferred to the account of The Mothership Poland: Internet Holdings Spółka z ograniczoną odpowiedzialnością, when and what banks handled the transaction, ask the witness to submit the documents of the transaction, including transfers, please secure the copies of the documents, ask the witness what does he know about the loan agreement of December 4th, 2000, concluded in Warsaw by and between Potomac Pacyfic Company, Harbor Center 4th Floor, P.O. Box 613 George Town, Grand Cayman, Cayman Islands, British West Indies, and The Mothership Poland: Internet Holdings Spółka z ograniczoną odpowiedzialnością in Warsaw, how and on what basis has Dieu-Le-Fit Limited acquired the aforementioned receivable, what banks handled the aforementioned transaction, when were the money for which Dieu-Le-Fit Limited purchased the receivable transferred, ask the witness to present the documents of the aforementioned transaction, please secure the documents by making their copies, when and in what circumstances were the contacts between

Dieu-Le-Fit Limited a Cyprian company and The Mothership Poland: Internet Holdings Spółka z ograniczoną odpowiedzialnością, and Potomac Pacyfic Company commenced, were there any other agreements concluded between Dieu-Le-Fit Limited a Cyprian company and The Mothership Poland: Internet Holdings Spółka z ograniczoną odpowiedzialnością, and Potomac Pacyfic Company, ask the witness to submit the aforementioned documents, please secure the copies of the said documents; in respect of the agreement presented to the witness: was the aforementioned agreement actually concluded, did the guarantor, or purchaser acquire the receivable under agreement dated April 23rd, 2001, when and whether the money under the agreement of April 23rd, 2001 credited the account, what banks handled it, whether and when Chemiskór Spółka Akcyjna paid the guarantor - Mothership (Poland) Holdings Limited, what banks handled the aforementioned transaction, ask the witness to present relevant documents, including the money transfers, secure copies of the documents from the witness;

➢ Present the witness receivables transfer agreement concluded in Warsaw on October 15th, 2001 by and between 4Media Spółka Akcyjna and Internet Operator Spółka Akcyjna of Gdansk, with a note annulled, and ask the witness whether he knows anything about conclusion of the aforementioned agreement, whether in relation to points 3 and 4 of the preamble to the aforementioned agreement the witness knows anything about the receivable transfer agreement dated April 11th, 2004 concluded by and between 4Media Spółka Akcyjna and the Potomac Pacyfic Company, pursuant to which 4Media Spółka Akcyjna acquired receivable of the Potomac Pacyfic Spółka Akcyjna from The Mothership Poland: Internet Holdings Spółka z ograniczoną odpowiedzialnością, and receivable transfer agreement dated April 23rd, 2001, concluded by and between 4Media Spółka Akcyjna and Dieu-Le-Fit Limited, Cyprian companies, pursuant to which 4Media Spółka Akcyjna acquired receivables of Dieu-Le-Fit Limited from The Mothership Poland: Internet Holdings Spółka z ograniczoną odpowiedzialnością, whether the amount of the receivables credited the company's account, when and what banks handled the aforementioned transaction, ask the witness to submit the copies of the documents referring to the transaction, secure the aforementioned documents from the witness.

➢ Does the witness know, and in what circumstances he met:
  • Mr. Jacek Merkel
  • Mr. Mariusz Hinz;
  • Mr. Dariusz Kaszubski;
  • Mr. Wojciech Krefft;
  • Mr. Ryszard Krauze?

➢ What other persons – representatives of the following companies: 4media Spółka Akcyjna in Gdansk, Media Trust Spółka Akcyjna in Gdansk, MediaInvest Spółka z ograniczoną odpowiedzialnością in Gdansk, "PROKOM INVESTMENT" Spółka Akcyjna in Gdynia – does the witness know, and in what circumstances did he meet them?

➢ Finally, ask the witness whether he would like to add anything to the witness interrogation report?

7. Interrogation, as a witness, the representative of Mothership Poland Internet Holding Company, Inc, Center Road, 1018, Wilmington, 19805 Delaware, United States of America, in the following respects:

➢ What functions and in what periods has the witness held in Mothership (Poland) Holdings Limited, and what functions has he held in Dieu-Le-Fit Limited, Limassol Arch. Makariou III 199 Cyprus?

➢ What functions has the witness held and whether he was a shareholder in The Mothership Poland Internet Holding Company Inc. of the United States of America?

> What were and are the capital and personal relations between Mothership (Poland) Holdings Limited, Dieu-Le-Fit Limited Limassol Arch. Makariou 199 Cyprus, and The Mothership Poland Internet Holding Company Inc. of the United States of America?

> What prerequisites decided about establishing of: Mothership (Poland) Holdings Limited, Dieu-Le-Fit Limited Limassol Arch. Makariou 199 Cyprus, and The Mothership Poland Internet Holding Company Inc. of the United States of America?

> What is the capital structure of the aforementioned companies (Mothership (Poland) Holdings Limited and Dieu-Le-Fit Limited, Limassol Arch. Makariou III 199 Cyprus), and The Mothership Poland Internet Holding Company Inc. of the United States of America, whether shares in the aforementioned companies were held, are held by the Polish citizens or companies, what persons or companies, in what periods did they have the said shares, how did the capital structure of the aforementioned companies change between 2000 and 2004?

> Who, apart from the Polish citizens, holds shares in Mothership (Poland) Holdings Limited and Dieu-Le-Fit Limited, Limassol Arch. Makariou III 199 Cyprus, and The Mothership Poland Internet Holding Company Inc. of the United States of America?

> Present the following documents to the witness:

- share sale agreement, regarding shares in The Mothership Auction Spółka z ograniczoną odpowiedzialnością in Warsaw, concluded in Warsaw on March 9th, 2001, by and between Mothership (Poland) Holdings Limited – a Cyprian company registered with the Ministry of Commerce, Industry, and Tourism, Department of Registrar of Companies and Official Receiver, Nicosia, under number HE 114004, represented by Jeffery L. Grady – the Director, referred to as the vendor, and Chemiskór Spółka Akcyjna of Łódź, represented by the Vice-President Dariusz Kaszubski, referred to as the purchaser;

- share sale agreement, regarding shares in The Mothership Poland Internet Holdings Spółka z ograniczoną odpowiedzialnością in Warsaw, concluded in Warsaw on March 9th, 2001, by and between Mothership (Poland) Holdings Limited – a Cyprian company registered with the Ministry of Commerce, Industry, and Tourism, Department of Registrar of Companies and Official Receiver, Nicosia, under number HE 114004, represented by Jeffery L. Grady – the Director, referred to as the vendor, and Chemiskór Spółka Akcyjna of Łódź, represented by the Vice-President Dariusz Kaszubski, referred to as the purchaser;

- share sale agreement, regarding shares in The Mothership Travel Spółka z ograniczoną odpowiedzialnością in Warsaw, concluded in Warsaw on March 9th, 2001, by and between Mothership (Poland) Holdings Limited – a Cyprian company registered with the Ministry of Commerce, Industry, and Tourism, Department of Registrar of Companies and Official Receiver, Nicosia, under number HE 114004, represented by Jeffery L. Grady – the Director, referred to as the vendor, and Chemiskór Spółka Akcyjna of Łódź, represented by the Vice-President Dariusz Kaszubski, referred to as the purchaser;

- share sale agreement, regarding shares in The Mothership Poland: Internet Holdings Spółka z ograniczoną odpowiedzialnością in Warsaw, concluded in Warsaw on April 11th, 2001, by and between Dieu-Le-Fit Limited, Limassol Arch. Makariou III 199 Cyprus registered with the Ministry of Commerce, Industry, and Tourism, Department of Registrar of Companies and Official Receiver, Nicosia, under number HE 114606, represented by Jeffery L. Grady – the attorney, referred to as the vendor, and Operator Spółka Akcyjna of Gdańsk, represented by Mariusz Hinz - attorney, referred to as the purchaser;

share sale agreement, regarding shares in TMS Commerce Spółka z ograniczoną odpowiedzialnością in Warsaw, concluded in Warsaw on April 23rd, 2001, by and between Mothership (Poland) Holdings Limited – a Cyprian company, based in Limassol Arch. Makariou III 199 Cyprus, registered with the Ministry of Commerce, Industry, and Tourism, Department of Registrar of Companies and Official Receiver, Nicosia, under number HE 114004, represented by Jeffery L. Grady – the Director, referred to as the vendor, and Internet Operator Spółka Akcyjna of Łódź, represented by the Mariusz Hinz - attorney, referred to as the purchaser;

receivables transfer agreement concluded in Warsaw on April 23rd, 2001 by and between Dieu-Le-Fit Limited, a Cyprian company, registered with the Ministry of Commerce, Industry, and Tourism, Department of Registrar of Companies and Official Receiver, Nicosia, under number HE 114606, based in Limassol Arch. Makariou III 199 Cyprus, represented by Jeffery L. Grady – the attorney, referred to as the vendor, Chemiskór Spółka z ograniczoną odpowiedzialnością in Łódź, represented by Dariusz Kaszubski – Vice-President of the Board of Directors, referred to as the purchaser, and Mothership (Poland) Holdings Limited – a Cyprian company, based in Limassol Arch. Makariou III 199 Cyprus, registered with the Ministry of Commerce, Industry, and Tourism, Department of Registrar of Companies and Official Receiver, Nicosia, under number HE 114004, represented by Jeffery L. Grady – the Director, referred to as the guarantor;

receivables transfer agreement concluded in Warsaw on October 15th, 2001 by and between 4Media Spółka Akcyjna in Gdansk, represented by Dariusz Kaszubski – Vice-President of the Board of Directors, referred to as the transferor, and Internet Operator Spółka Akcyjna of Łódź, represented by the Mariusz Hinz – attorney of the Board of Directors , referred to as the transferee.

and ask the witness, whether Jeffery Lee Grady signed the aforementioned documents, does the witness know him, and what are the relationships between him and the witness?

➢ What led to the conclusion of the aforementioned agreements, did Jeffery Lee Grady visit Warsaw, if so, when, or was the correspondence involved?

➢ How were the contacts with the Chemiskór Spółka Akcyjna of Łódź (later 4Media Spółka Akcyjna in Gdansk), Internet Operator Spółka Akcyjna in Gdansk, and any other Polish companies commenced?

➢ Are the agreements presented the only that Jeffery Lee Grady had concluded as the Director or attorney, or otherwise, with Polish companies, (please secure any possible Xerox copies certified to be true of other agreements, in particular share sale, loan, receivable transfer agreements, agreements concluded with Polish citizens or companies),

➢ Did the witness conclude similar agreements with Polish companies or citizens? (please secure any possible Xerox copies certified to be true of other agreements, in particular share sale, loan, receivable transfer agreements, agreements concluded with Polish citizens or companies),

➢ Did the witness or Jeffery Lee Grady, conclude loan, receivable transfer, share sale agreements with the following companies, as the attorney, Director, or otherwise:

• 4Media Spółka Akcyjna in Gdansk (previously Chemiskór Spółka Akcyjna in Łódź),
• Media Trust Spółka Akcyjna in Gdansk,
• MediaInvest Spółka z ograniczoną odpowiedzialnością in Gdansk,
• Druk Serwis Spółka z ograniczoną odpowiedzialnością in Gdansk,
• M4 Spółka z ograniczoną odpowiedzialnością in Gdansk,
• Marketing Serwis Spółka z ograniczoną odpowiedzialnością in Gdansk,

- Marketing Serwis Spółka z ograniczoną odpowiedzialnością in Poznań,
- Agencja Informacyjna PolPress Spółka z ograniczoną odpowiedzialnością,
- Dom Wydawniczy Wolne Słowo Spółka Akcyjna in Warsaw,
- Y-Press Spółka z ograniczoną odpowiedzialnością,
- Poltrust Spółka Akcyjna in Warsaw,
- Czas i Przestrzeń Spółka z ograniczoną odpowiedzialnością in Warsaw,
- Dom Wydawniczy "Media Kolor" Spółka z ograniczoną odpowiedzialnością in Warsaw,
- Regionalne Rozgłośnie Radiowe Spółka Akcyjna in Gdansk,
- Agencja Radiowo-Telewizyjna Spółka z ograniczoną odpowiedzialnością in Kielce,
- Radio "Warta" Spółka z ograniczoną odpowiedzialnością in Słupca and then in Warsaw,
- Internet Operator Spółka Akcyjna in Warsaw, Gdansk,
- The Mothership Poland: Internet Holdings Spółka z ograniczoną odpowiedzialnością in Warsaw (TMS Poland) Warsaw,
- The Mothership Auction Spółka z ograniczoną odpowiedzialnością (TMS Auction) of Warsaw,
- The Mothership Travel Spółka z ograniczoną odpowiedzialnością (TMS Travel) of Warsaw,
- TMS Commerce Spółka z ograniczoną odpowiedzialnością (TMS Commerce) of Warsaw,
- Polska Prasa Bezpłatna Spółka Akcyjna in Gdansk,
- Polska Prasa Lokalna Wielkopolska Spółka z ograniczoną odpowiedzialnością in Słupca,
- Polska Prasa Lokalna Spółka Akcyjna in Gdansk,
- Polska Prasa Lokalna Pomorze Zachodnie Spółka z ograniczoną odpowiedzialnością in Goleniów,
- "Polska Prasa Lokalna Holding" Spółka Akcyjna in Warsaw,
- "NASKA" PRESS Spółka z ograniczoną odpowiedzialnością in Rabka Zdrój,
- GRP Spółka Akcyjna in Warsaw,
- Metrogogra Spółka z ograniczoną odpowiedzialnością in Gdansk,
- DTP-Press Spółka z ograniczoną odpowiedzialnością in Gdansk,
- Zakłady Graficzne TAMKA Spółka Akcyjna in Warsaw, presently under bankruptcy proceedings,
- AZET-GRAFICO Spółka z ograniczoną odpowiedzialnością in Pruszków,
- Przedsiębiorstwo "OKS" Spółka z ograniczoną odpowiedzialnością in Gdansk,
- K3 Spółka z ograniczoną odpowiedzialnością in Gdansk,
- Agencja Reklamowa "EKS – Radio Konin" Spółka z ograniczoną odpowiedzialnością in Konin,
- RR MOBILE Spółka z ograniczoną odpowiedzialnością in Gdynia,
- LINK SYSTEM Spółka z ograniczoną odpowiedzialnością in Warsaw,
- "KESEL – Systemy Komputerowe" Spółka z ograniczoną odpowiedzialnością in Gdansk,
- "YAWAL" Spółka Akcyjna, later "AL.-PRAS" Spółka Akcyjna in Częstochowa,
- Y-NET Spółka z ograniczoną odpowiedzialnością in Częstochowa,
- Tygodniki Spółka z ograniczoną odpowiedzialnością in Malbork,
- ORBI Spółka z ograniczoną odpowiedzialnością in Bydgoszcz and others.

Secure the copies of the documents held by the witness and any possible documents referring to money transfers.

➢ Present the witness the share sale agreement, regarding shares in The Mothership

Auction Spółka z ograniczoną odpowiedzialnością in Warsaw, concluded in Warsaw on March 9th, 2001, and ask the witness during what period Mothership (Poland) Holdings Limited held shares in the aforementioned company, how many shares were held by Mothership (Poland) Holdings Limited, who else was the shareholder in the aforementioned company, what was the composition of the authorities of (TMS Auction) in Warsaw as representative of Mothership (Poland) Holdings Limited a Cyprian company, what was the business object of (TMS Auction), what lead to establishing a pledge on shares of TMS AUCTION in favor of GESTCOM Spółka Akcyjna of Belgium; according to § 2 of the said agreement they were pledged pursuant to the agreement dated February 13th, 2001, was that the loan agreement, ask the witness to present the copy of the aforementioned pledge agreement and of possibly of the loan agreement (please secure the aforementioned copies of the agreements and documents of the money transfers), how did the Bank realize money transfers between the company and GESTCOM, ask the witness to present documents of money transfers, please secure the aforementioned documents; what were the circumstances of payment realization by Chemiskór Spółka Akcyjna in Łódż in favor of Mothership (Poland) Holdings Limited for shares in The Mothership Auction Spółka z ograniczoną odpowiedzialnością, was there actually any payment, when, when were the transfers realized, by what banks, ask the witness for documentation regarding the banking money transfers;

➢ Present the witness the share sale agreement, regarding shares in The Mothership Travel Spółka z ograniczoną odpowiedzialnością in Warsaw, concluded in Warsaw on March 9th, 2001, and ask the witness during what period Mothership (Poland) Holdings Limited held shares in the aforementioned company, how many shares were held by Mothership (Poland) Holdings Limited, who else was the shareholder in the aforementioned company, what was the composition of the authorities of (TMS Travel) in Warsaw as representative of Mothership (Poland) Holdings Limited a Cyprian company, what was the business object of (TMS Travel), what lead to establishing a pledge on shares of TMS Travel in favor of GESTCOM Spółka Akcyjna of Belgium; according to § 2 of the said agreement they were pledged pursuant to the agreement dated February 13th, 2001, was that the loan agreement, ask the witness to present the copy of the aforementioned pledge agreement and of possibly of the loan agreement (please secure the aforementioned copies of the agreements and documents of the money transfers), how did the Bank realize money transfers between the company and GESTCOM, ask the witness to present documents of money transfers, please secure the aforementioned documents; what were the circumstances of payment realization by Chemiskór Spółka Akcyjna in Łódż in favor of Mothership (Poland) Holdings Limited for shares in The Mothership Travel Spółka z ograniczoną odpowiedzialnością, was there actually any payment, when, when were the transfers realized, by what banks, ask the witness for documentation regarding the banking money transfers;

➢ Present the witness the share sale agreement, regarding shares in The Mothership Internet Holdings Spółka z ograniczoną odpowiedzialnością (TMS Poland) in Warsaw, concluded in Warsaw on March 9th, 2001, and ask the witness during what period Mothership (Poland) Holdings Limited held shares in the aforementioned company, how many shares were held by Mothership (Poland) Holdings Limited, who else was the shareholder in the aforementioned company, what was the composition of the authorities of (TMS Poland) in Warsaw as representative of Mothership (Poland) Holdings Limited a Cyprian company, what was the business object of (TMS Poland), what lead to establishing a pledge on shares of TMS Poland in favor of GESTCOM Spółka Akcyjna of Belgium; according to § 2 of the said agreement they were pledged pursuant to the agreement dated February 13th, 2001,

was that the loan agreement, ask the witness to present the copy of the aforementioned pledge agreement and of possibly of the loan agreement (please secure the aforementioned copies of the agreements and documents of the money transfers), how did the Bank realize money transfers between the company and GESTCOM, ask the witness to present documents of money transfers, please secure the aforementioned documents; what were the circumstances of payment realization by Chemiskór Spółka Akcyjna in Łódź in favor of Mothership (Poland) Holdings Limited for shares in TMS Poland, was there actually any payment, when, when were the transfers realized, by what banks, ask the witness for documentation regarding the banking money transfers;

➢ Present the witness the share sale agreement, regarding shares in The Mothership Poland: Internet Holdings Spółka z ograniczoną odpowiedzialnością in Warsaw, concluded in Warsaw on April 11th, 2001, and ask the witness during what period Dieu-Le-Fit Limited, Limassol Arch. Makariou III 199 Cyprus held shares in the aforementioned company, how many shares were held by Dieu-Le-Fit Limited, who else was the shareholder in the aforementioned company, what was the composition of the authorities of (TMS Poland) in Warsaw as representative of Dieu-Le-Fit Limited, what was the business object of (TMS Poland), whether and in whose favor were the shares of TMS Poland pledged, was it a loan agreement, ask the witness to present the copy of the aforementioned pledge agreement and of possibly of the loan agreement (please secure the aforementioned copies of the agreements and documents of the money transfers), how did the Bank realize money transfers between the company and the other party of the agreement, ask the witness to present documents of money transfers, please secure the aforementioned documents; what were the circumstances of payment realization by Internet Operator Spółka Akcyjna in Gdansk in favor of Dieu-Le-Fit Limited for shares in TMS Poland Spółka z ograniczoną odpowiedzialnością, was there actually any payment, when, when were the transfers realized, by what banks, ask the witness for documentation regarding the banking money transfers;

➢ Present the witness the share sale agreement, regarding shares in TMS Commerce Spółka z ograniczoną odpowiedzialnością in Warsaw, concluded in Warsaw on April 23rd, 2001, and ask the witness during what period Mothership (Poland) Holdings Limited held shares in the aforementioned company, how many shares were held by Mothership (Poland) Holdings Limited, who else was the shareholder in the aforementioned company, what was the composition of the authorities of (TMS Commerce) in Warsaw as representative of Mothership (Poland) Holdings Limited, what was the business object of (TMS Commerce), in consideration of the fact that Prosecutor's Office has only a fragment of the aforementioned agreement, ask the witness whether and in whose favor were the shares of TMS Commerce pledged, was it a loan agreement, ask the witness to present the copy of the aforementioned pledge agreement and of possibly of the loan agreement (please secure the aforementioned copies of the agreements and documents of the money transfers), how did the Bank realize money transfers between the company and the other party of the agreement, ask the witness to present documents of money transfers, please secure the aforementioned documents; what were the circumstances of payment realization by Internet Operator Spółka Akcyjna in Gdansk in favor of Mothership (Poland) Holdings Limited for shares in TMS Poland Spółka z ograniczoną odpowiedzialnością, was there actually any payment, when, when were the transfers realized, by what banks, ask the witness for documentation regarding the banking money transfers;

➢ Present the witness the receivables transfer agreement concluded in Warsaw on April 23rd, 2001 by and between Dieu-Le-Fit Limited, a Cyprian company, represented by

Jeffery L. Grady – the attorney, referred to as the vendor, Chemiskór Spółka z ograniczoną odpowiedzialnością in Łódź, represented by Dariusz Kaszubski – Vice-President, referred to as the purchaser, and Mothership (Poland) Holdings Limited – a Cyprian company, represented by Jeffery L. Grady – the Director, referred to as the guarantor, and ask the witness, whether he signed the aforementioned agreement as attorney and as the Director of the companies, whether he, or another representative of Dieu-Le-Fit Limited signed a loan agreement on October 29th, 2000 with The Mothership Poland: Internet Holdings Spółka z ograniczoną odpowiedzialnością in Warsaw, ul. Foksal 3/5, whether the amount of the loan has been transferred to the account of The Mothership Poland: Internet Holdings Spółka z ograniczoną odpowiedzialnością, when and what banks handled the transaction, ask the witness to submit the documents of the transaction, including transfers, please secure the copies of the documents, ask the witness what does he know about the loan agreement of December 4th, 2000, concluded in Warsaw by and between Potomac Pacyfic Company, Harbor Center 4th Floor, P.O. Box 613 George Town, Grand Cayman, Cayman Islands, British West Indies, and The Mothership Poland: Internet Holdings Spółka z ograniczoną odpowiedzialnością in Warsaw, how and on what basis has Dieu-Le-Fit Limited acquired the aforementioned receivable, what banks handled the aforementioned transaction, when were the money for which Dieu-Le-Fit Limited purchased the receivable transferred, ask the witness to present the documents of the aforementioned transaction, please secure the documents by making their copies, when and in what circumstances were the contacts between Dieu-Le-Fit Limited a Cyprian company and The Mothership Poland: Internet Holdings Spółka z ograniczoną odpowiedzialnością, and Potomac Pacyfic Company commenced, were there any other agreements concluded between Dieu-Le-Fit Limited a Cyprian company and The Mothership Poland: Internet Holdings Spółka z ograniczoną odpowiedzialnością, and Potomac Pacyfic Company, ask the witness to submit the aforementioned documents, please secure the copies of the said documents; in respect of the agreement presented to the witness: was the aforementioned agreement actually concluded, did the guarantor, or purchaser acquire the receivable under agreement dated April 23rd, 2001, when and whether the money under the agreement of April 23rd, 2001 credited the account, what banks handled it, whether and when Chemiskór Spółka Akcyjna paid the guarantor - Mothership (Poland) Holdings Limited, what banks handled the aforementioned transaction, ask the witness to present relevant documents, including the money transfers, secure copies of the documents from the witness;

➤ Present the witness receivables transfer agreement concluded in Warsaw on October 15th, 2001 by and between 4Media Spółka Akcyjna and Internet Operator Spółka Akcyjna of Gdansk, with a note annulled, and ask the witness whether he knows anything about conclusion of the aforementioned agreement, whether in relation to points 3 and 4 of the preamble to the aforementioned agreement the witness knows anything about the receivable transfer agreement dated April 11th, 2004 concluded by and between 4Media Spółka Akcyjna and the Potomac Pacyfic Company, pursuant to which 4Media Spółka Akcyjna acquired receivable of the Potomac Pacyfic Spółka Akcyjna from The Mothership Poland: Internet Holdings Spółka z ograniczoną odpowiedzialnością, and receivable transfer agreement dated April 23rd, 2001, concluded by and between 4Media Spółka Akcyjna and Dieu-Le-Fit Limited, Cyprian companies, pursuant to which 4Media Spółka Akcyjna acquired receivables of Dieu-Le-Fit Limited from The Mothership Poland: Internet Holdings Spółka z ograniczoną odpowiedzialnością, whether the amount of the receivables credited the company's account, when and what banks handled the aforementioned transaction, ask the witness to submit the copies of the documents referring to the transaction,

secure the aforementioned documents from the witness.

> Does the witness know, and in what circumstances he met:
>   - Mr. Jacek Merkel
>   - Mr. Mariusz Hinz;
>   - Mr. Dariusz Kaszubski;
>   - Mr. Wojciech Krefft;
>   - Mr. Ryszard Krauze?

> What other persons – representatives of the following companies: 4media Spółka Akcyjna in Gdansk, Media Trust Spółka Akcyjna in Gdansk, MediaInvest Spółka z ograniczoną odpowiedzialnością in Gdansk, "PROKOM INVESTMENT" Spółka Akcyjna in Gdynia – does the witness know, and in what circumstances did he meet them?

> Finally, ask the witness whether he would like to add anything to the witness interrogation report?

Please record the witness interrogation in for of witness summary (article 143 of the Code of Criminal Procedure). Prior to interrogation, the witness should be advised about his/her criminal liability for false testimony (article 233 of the Criminal Code) and about article 183 of the Code of Criminal Procedure, and this advise should be noted in the witness summary and confirmed by the witness's signature.

Conduction of the aforementioned procedures and delivery of authenticated copies of documents will allow the Prosecutor for Appeals Office to continue investigation in case AP II Ds. 2/04/Sp.

At the same time, please execute the proceedings specified in the request of the Prosecutor for Appeals in Gdańsk dated July 27th, 2005.

Materials gathered in the course of realization hereof will not be used for any other purpose but that specified herein.

Please find enclosed the excerpt of applicable laws.

*Oblong stamp:*
Acting Deputy of the Prosecutor for Appeals in Gdansk
Dariusz Popielniuk
Prosecutor of the Prosecutor for Appeals Office
(-) signature illegible

*Round official stamp with the national emblem of the Republic of Poland inside, and the following circumscription*: Office of the Prosecutor for Appeals in Gdansk



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IN RE LETTER OF REQUEST    )
FROM POLAND         )
IN THE MATTER OF      ) Misc No. 07-
MEDIA TRUST        )

<u>ORDER</u>

  Upon application of the United States of America; and upon examination of a letter of request from Poland whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in Poland and the Court being fully informed in the premises, it is hereby

  **ORDERED**, pursuant to Title 28, United States Code, Section 1782, that Richard G. Andrews, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from the Polish authorities as follows:

  1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

  2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party shall be required);

  3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a Court

in Poland, which procedures may be specified in the request or provided by the Polish authorities;

      4. seek such further orders of this Court as may be necessary to execute this request; and

      5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Polish authorities.

      IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

      Dated: This _____ day of _____, 2007.


_____
United States District Court Judge